=====

### BOTT vs. HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

According to the provisions of the insolvent law of 1808, relative to debtors in actual custody, the creditors have a right to confront their debtor in open court, or before the judge at chambers, and if such opportunity has not been afforded them in consequence of the non-appearance of the debtor, the *court cannot grant him a discharge.*

Where a stay of proceedings is ordered, and a day fixed for the meeting of the creditors, if the debtor fails to appear, or show cause by counsel, for his non-appearance, and obtain a continuance, all the proceedings are at an end under the first order of the court.

On the 11th February, 1835, the petitioner applied for the benefit of the insolvent laws, relative to debtors in actual custody.

The judge made an order that the creditors of the petitioner be notified to appear in open court, on the 18th of March, 1835, to show cause, if any, why the insolvent should not have the benefit of the insolvent laws extended to him.

The debtor did not appear on the day fixed. Some creditors appeared, but the debtor not being present, nothing was done.

On the 20th March, one of the judgment creditors of the insolvent took a rule on him, to show cause why the stay

of proceedings ordered in the premises, should not be set aside, on the ground that the insolvent debtor failed to appear on the day ordered for a meeting of his creditors.

In answer to the rule, the insolvent replied that he was prevented from attending a meeting of his creditors by sickness. He states, that as no opposition has been made to his discharge, he is now present in open court to take the oath and make an assignment of his property, as required by law ; or if refused, that another day of meeting be appointed.

The sickness of the insolvent on the day appointed, was admitted. But the district judge considered, that as the debtor did not appear, the whole proceeding was discontinued, and the insolvent debtor loses all the benefit of it. Had the debtor shown sickness by his counsel on the day appointed, it would have been good ground to have had the cause continued, and the day of meeting postponed; but as the matter now stands, no steps can be taken on the application.

The rule was made absolute, and the insolvent debtor appealed.

*M'Millan*, for the appellant.

1. The petitioner having surrendered his property, and no opposition having been made by the creditors, was entitled to a discharge, on making the oath and assignment required by law.

2. The circumstance of the plaintiff's illness, entitles him to the meeting of his creditors ordered for another day, if he was not entitled to a discharge.

3. One creditor could not have the proceedings set aside, without making all the creditors parties.

4. Proceedings could not be set aside, after the plaintiff had been so divested of his property as to prevent him from recovering possession of it again.

*Roselius* and *Mace*, contra.

*Bullard, J.*, delivered the opinion of the court.

EASTERN DIST.
January, 1836.

BOTT
vs.
HIS CREDITORS.

This is an appeal from the judgment of the District Court, making absolute a rule taken by one of the creditors of the insolvent on him, to show cause why the stay of proceedings ordered in the premises should not be set aside, on the ground that the insolvent, Bott, did not appear at the time appointed for a meeting of his creditors in open court.

In answer to the rule, the applicant alleges that on the day fixed for the meeting of his creditors, he was unable to attend on account of sickness, and that fact is admitted. He states that as no legal opposition has been made to his discharge, he is now in open court, ready to take the oath required, and make the assignment. But if not allowed to make such assignment, he prays the court to order another day for the meeting of his creditors, at such time as the court may think proper.

The proceedings in this case took place under the act of 1808, for the relief of insolvent debtors in actual custody. According to the provisions of that act, the creditors are to be cited to appear in open court, or in chambers, on a given day. The creditors have a right on that day to examine the applicant on oath, under the direction of the court, as to every thing which relates to his affairs; and if the judge is satisfied of the regularity and fairness of his books and accounts, and two-thirds of the creditors in number and value, will consent to his discharge, he may be discharged by the court on executing an assignment for the use of his creditors, and taking an oath prescribed by the statute. If the creditors do not appear, and no cause be shown against the debtor's discharge, the court may, in its *discretion*, either discharge him or remand him until another day.

According to the provisions of the insolvent law of 1808, relative to debtors in actual custody, the creditors have a right to confront their debtor in open court, or before the judge at chambers, and if such opportunity has not been afforded them in consequence of the non-appearance of the debtor, the *court cannot grant him a discharge.*

This statute manifestly contemplates that the creditors shall have an opportunity of being confronted with their debtors in open court, or before the judge in chambers, and if such opportunity has not been afforded in consequence of the non-appearance of the debtor, it appears to us clear, that the court has no authority to grant the discharge. If in the present case the debtor had on the day appointed shown good

cause for not appearing, and asked the court for a continuance, we are not prepared to say that it ought to have been refused. But that was not done ; we, therefore, concur with the District Court in the opinion, that all proceedings were at an end under the first order of the court. But the insolvent prayed the court to order another day of meeting, at such time as the court might think proper. This, also, was refused.

We think the court did not err. If the first proceeding terminated with the non-appearance of the debtor, without showing any reasons for not appearing, contradictorily with his creditors, then, although if still in actual custody he may not have lost the right to be discharged under the statute on complying with all its requisites, yet he would be bound to proceed again, *de novo*. The twentieth section of the act in question, declares that from the time the debtor has presented his petition, all suits against him are suspended. It might lead to great abuses if an insolvent could neglect to cause notices to be given as required, and neglect to appear at the time appointed, and yet obtain from time to time a new order for citation to his creditors to appear at a future day. Such immunity against the pursuits of creditors, can only be enjoyed by a debtor who shows that he has complied with all the requisites of law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*January*, 1836.

BOTT
*vs.*
HIS CREDITORS.

Where a stay of proceedings is ordered, and a day fixed for a meeting of the creditors, if the debtor fails to appear, or show cause by counsel for his non-appearance and obtain a continuance; all the proceedings are at an end under the first order of the court.